Case 2:25-cr-00128-TOR     ECF No. 1     filed 08/06/25     PageID.1     Page 1 of 6

AO 91 (Rev.11/11) Criminal Complaint

U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Aug 06, 2025
SEAN F. McAVOY, CLERK

**United States District Court**
for the
**Eastern District of Washington**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| *Plaintiff* | ) ) ) Case No. 2:25-MJ-00494-JAG |
| v. | ) ) |
| **JOEL JONATHAN HERNANDEZ,** | ) ) |
| *Defendant.* | ) ) |

## CRIMINAL COMPLAINT

I, Ethan Pendleton, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the dates of January 7, January 21, February 7, and May 27, 2025, in the County of Chelan in the Eastern District of Washington, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(C) | *Distribution of Cocaine* |
| 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) | *Distribution of 50 Grams or More of Actual (Pure) Methamphetamine* (Two Counts*)* |
| 8 U.S.C. § 1326 | *Alien in the United States After Deportation* |

This complaint is based on these facts:

I am a Special Agent with Homeland Security Investigations, and the facts alleged in this complaint come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

On January 7, 2025, members of the Columbia River Drug taskforce conducted a controlled narcotics purchase utilizing a confidential informant (hereinafter "CS1") from Joel Jonathan HERNANDEZ (hereinafter "HERNANDEZ") and separately charged defendant Juan

ZAPATA-ARTALEJO[1] in Wenatchee, Washington. The confidential informant in this case is working in return for compensation. The confidential informant has no felony convictions or convictions for crimes of dishonesty. ZAPATA-ARTALEJO served as a middleman during the transactions detailed below. The transaction was audio and video recorded. Prior to the controlled buy, CS1's person and vehicle were searched, and no contraband or improper items were located. Prior to the controlled buy CS1 and ZAPATA-ARTALEJO conversed over text messages, where ZAPATA-ARTALEJO stated he had a new cocaine drug dealer who lived in the Leavenworth, WA area. ZAPATA-ARTALEJO stated that the lowest that their dealer was willing to go for two (2) ounces of cocaine was $850 an ounce, and at that price ZAPATA-ARTALEJO made no money off the deal. This act is called "middling" and is a common practice in the drug trade. Often dealers will middle deals for their suppliers in return for drugs, or cheaper prices on the drugs they purchase from the larger supplier.

    CS1 told ZAPATA-ARTALEJO that they were ready to meet and ZAPATA-ARTALEJO told CS1 that he would call his dealer and that they could all meet near the Target store in Wenatchee, WA. Surveillance units followed ZAPATA-ARTALEJO from his residence to the Target parking lot and identified ZAPATA-ARTALEJO as the sole occupant of his vehicle. Surveillance units witnessed ZAPATA-ARTALEJO meet up with a silver Toyota Tacoma (WA plate D20152C), which was registered to Joel Johnathan HERNANDEZ at an address in Cashmere, WA. ZAPATA-ARTALEJO then drove to a nearby parking lot, where CS1's vehicle was parked and approached CS1's vehicle, stating his plug (*note: Plug is a common term for drug dealer or supplier*) was parked over at the Target parking lot. CS1 told ZAPATA-ARTALEJO to have their supplier come to them. CS1 stated they wanted to see the cocaine before they purchased it. ZAPATA-ARTALEJO agreed and drove to where the Tacoma was parked. Surveillance units observed the Tacoma and ZAPATA-ARTALEJO drive towards the CS1.

    The Tacoma parked next to ZAPATA-ARTALEJO's vehicle and ZAPATA-ARTALEJO parked next to CS1's vehicle. ZAPATA-ARTALEJO contacted the driver of the Tacoma and

---

[1] ZAPATA-ARTALEJO has been indicted for separate criminal conduct under case number 2:25-cr-00086-TOR.

Complaint – 2:25-MJ-00494-JAG – 2

then walked over to CS1's vehicle and entered the front passenger seat. Meanwhile the driver of the Tacoma just waited inside the truck. This exchange was audio and video recorded, in which investigators observed: ZAPATA-ARTALEJO entered CSl's vehicle and handed CS1 a bag containing a white powdered substance. CS1 gave ZAPATA-ARTALEJO the money ($1,700). ZAPATA-ARTALEJO mentioned that his plug did not want to exit his vehicle or approach the CI. The plastic bag provided to CS1 purportedly contained two (2) ounces of cocaine in exchange. Although the cocaine was not field tested, it was tested by the Washington State Patrol laboratory and confirmed to be cocaine. CS1's post-buy debrief was consistent with what was observed and heard on the transmitting device.

Surveillance units followed the Tacoma to a Walgreens, in Wenatchee, WA, following the controlled purchase. HERNANDEZ was observed to be the driver, and sole occupant of the vehicle. Surveillance units followed HERNANDEZ inside and were able to positively identify HERNANDEZ based upon a Department of Licensing photograph. Surveillance units then followed HERNANDEZ to a residence in Cashmere after he left Walgreens. The address is the registered address for the Toyota Tacoma (WA plate D20152C) that HERNANDEZ was witnessed driving, and the vehicle was registered to HERNANDEZ.

On January 21, 2025, members of the Columbia River Drug taskforce conducted a second controlled narcotics purchase with CS1 from HERNANDEZ in Wenatchee, Washington utilizing a middleman. The transaction was audio and video recorded. Prior to the controlled buy, CS1's person and vehicle were searched, and no contraband or improper items were located. This controlled purchase was again middled by ZAPATA-ARTALEJO. Prior to the meet up, ZAPATA-ARTALEJO agreed to sell CS1 one (1) pound of methamphetamine in return for $1550. ZAPATA-ARTALEJO arranged the meeting location and indicated to CS1 that his supplier would also meet them at the same location, at the same time. ZAPATA-ARTALEJO told CS1 that they would let CS1 know when their supplier arrived so CS1 wasn't waiting too long. Through the audio and video recording equipment investigators heard ZAPATA-ARTALEJO tell CS1 over the phone that they were at the meeting location and CS1 responded that he/she was also already at the location. ZAPATA-ARTALEJO then told CS1 that they were waiting for their supplier and then would meet CS1. Surveillance units witnessed ZAPATA-ARTALEJO exit their vehicle and walk around the parking lot talking on the phone,

Complaint – 2:25-MJ-00494-JAG – 3

as if they were looking for someone. ZAPATA-ARTALEJO then ran to the driver's door of a red Jeep (WA plate CPJ8500). The driver was later identified as HERNANDEZ by a member of the surveillance team. ZAPATA-ARTALEJO then got in the vehicle with CS1 in which he was observed via audio and visual recording equipment giving CS1 a clear plastic bag containing a white crystalline substance. It should be noted that ZAPATA-ARTALEJO stated he could not find his supplier because his supplier had changed vehicles on him. ZAPATA-ARTALEJO took the money in exchange for the one (1) pound of meth and was witnessed by surveillance units walking back to the red Jeep, making contact with the driver very briefly, and then separating. Based on investigators observations and statements made by ZAPATA-ARTALEJO, I believe that HERNANDEZ was the main supplier for the drugs. ZAPATA-ARTALEJO met with HERNANDEZ to get the methamphetamine and then returned to give him the money from the drug deal. HERNANDEZ provided CS1 with one (1) pound of methamphetamine in exchange for $1550. The methamphetamine was tested by the Drug Enforcement Administration's Western Laboratory and confirmed to be methamphetamine and contained approximately 436 grams of pure methamphetamine. CS1's post-buy debrief was consistent with what was observed and heard on the transmitting device. After the transaction, HERNANDEZ was observed driving to a residence located on Hughes Road in Cashmere, WA.

On February 7, 2025, members of the Columbia River Drug taskforce conducted a third controlled narcotics purchase with CS1 from HERNANDEZ in Wenatchee, Washington, again utilizing a middleman. The transaction was audio and video recorded. Prior to the controlled buy, CS1's person and vehicle were searched, and no contraband or improper items were located. This controlled purchase again involved ZAPATA-ARTALEJO. ZAPATA-ARTALEJO informed CS1 that they had heard from their supplier and that the supplier would be available after 3:30 pm. *(note: Investigators believe this continues to illustrate that ZAPATA-ARTALEJO was not the main supplier, and that they were reliant on HERNNADEZ to supply the narcotics for these deals.)* Again ZAPATA-ARTALEJO told CS1 that they would meet their supplier at the buy location. Surveillance units followed a Toyota Corolla (WA plate CRF1031) from a location on Hughes Road in Cashmere, WA, the same residence that HERNANDEZ returned to after January 21, 2025, controlled purchase. There appeared to be only one occupant in the Corolla. HERNANDEZ was subsequently identified as the driver and

Complaint – 2:25-MJ-00494-JAG – 4

was followed by surveillance units to the arranged meeting location, where ZAPATA-ARTALEJO was seen approaching the driver's window and grabbing a white plastic bag and then walking directly to CS1's vehicle. ZAPATA-ARTALEJO exchanged the white plastic bag, which contained a white crystalline substance, with CS1 in exchange for currency. Through the recording device ZAPATA-ARTALEJO could be heard stating that he did not make much money off these deals, but he gets a quarter pound cheap when he purchases for himself. ZAPATA-ARTALEJO also stated that he helps his supplier because he will ask the supplier for help selling when ZAPATA-ARTALEJO gets his own supply. ZAPATA-ARTALEJO exited CS1's vehicle and was seen by surveillance units approaching HERNANDEZ's Corolla again. Surveillance units followed HERNANDEZ back to the residence on Hughes Road in Cashmere WA and enter the residence. During the transactions, HERNANDEZ provided CS1 (through ZAPATA-ARTALEJO) with over two (2) pounds of methamphetamine in exchange for $3,050. The methamphetamine was tested by the DEA's Western Laboratory and confirmed to contain approximately 865 grams of pure methamphetamine. CS1's post-buy debrief was consistent with what was observed and heard on the transmitting device.

  I also have personal knowledge based upon the documents contained in the alien file of HERNANDEZ that Joel Jonathan HERNANDEZ is a citizen and national of Mexico who was arrested and deported from the United States at El Paso, Texas on January 11, 2018, and who was again arrested and deported from the United States at Nogales, Arizona on January 19, 2022.

  Additionally, the Defendant, Joel Jonathan HERNANDEZ, was detained by U.S. Immigration and Customs Enforcement (ICE) on May 27, 2025. The Defendant Joel Jonathan HERNANDEZ was transported to the ICE Wenatchee office, where his biometrics were taken and HERNANDEZ was positively identified to be the same person who was arrested on January 11, 2018 at El Paso, Texas and removed to Mexico. Based on my knowledge as aforesaid, the Attorney General, or her successor, or the Secretary of the Department of Homeland Security has not approved the Defendant for re-admission into the United States.

  All of the above transactions occurred in Chelan County, which is within the Eastern District of Washington.

## CONCLUSION

Based on the aforementioned details, I submit that there is probable cause to believe that Joel Johnathan HERNANDEZ committed the offenses of 21 U.S.C. § 841(a)(1), (b)(1)(C) Distribution of Cocaine, two counts of violating 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) Distribution of 50 Grams or More of Actual (Pure) Methamphetamine, and 8 U.S.C. § 1326 Alien in the United States After Deportation. I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

*ETHAN C PENDLETON*
Digitally signed by ETHAN C PENDLETON
Date: 2025.08.05 18:58:1 -07'00'

_____
*Complainant's signature*

Ethan C Pendleton, Special Agent HSI
*Printed name and title*

Sworn to before me telephonically and signed electronically.

Date: **August 6, 2025**

_____
*Judge's signature*

City and state: **Spokane, Washington**

James A. Goeke, United States Magistrate Judge
*Printed name and title*

Complaint – 2:25-MJ-00494-JAG – 6